Ovila Lambert, et al.
vs. } No. 92410.
Joseph Rogister, alias.

July 10, 1934.

CAPATOSTO, J. Assumpsit. Jury trial waived.

The defendant, a man well along towards the sunset of life, married a woman much younger than himself. Disillusion was not slow to follow. Divorce proceedings were brought by the wife based upon physical accusations of a most sordid nature.

Rogister first retained the plaintiff Lambert but as the claims made upon him became more pressing he suggested retaining the plaintiff John R. Higgins as associate counsel. Lambert says that he congratulated the defendant upon his choice but warned him that it would cost him plenty. Rogister is said to have replied that he was glad to pay plenty to his own lawyers, provided he could get his freedom.

At a meeting in Higgins' office, the sum of $1000 was demanded as a retainer for both counsel. This sum was subsequently paid and a receipt stating this fact was given to the defendant.

The divorce petition finally came to a hearing. It was saturated with testimony of a scandalous character. While the case was on trial, the plaintiffs testified that Rogister told them to get him free and he would pay them well. Negotiations were reopened and a settlement made of the property rights of the parties, under which Rogister agreed to pay his wife the sum of $2500 for all claims, including her dower rights. The wife was granted the divorce, and every precaution was

taken against her making any further demands upon the defendant.

Rogister was possessed of two parcels of improved real estate beside ready cash of some $10,000 to $15,000. The wife's dower in the real estate was worth $3274.00.

The plaintiffs sue for an additional fee of $2000. The defendant maintains that, as he cannot read English and as no explanation of the receipt was given to him, he considered the $1000 paid at the beginning of hostilities in full payment for all services to be rendered. Lambert, on the other hand says that he explained the receipt in French to Rogister.

The defendant makes no complaint as to the ultimate result of the case but now expresses dissatisfaction with his attorneys for not having put him on the stand to refute his wife's charges. In this regard, the attorneys are to be commended for their discretion toward both the Court and their client. Scandalous testimony, unless imperatively necessary, is obnoxious, while the washing of too much dirty linen under the disguise of evidence might have resulted in a judicial finding which would have left Rogister, at his age, with a dissatisfied wife on his hands that he could neither control nor legally separate from.

Expert evidence as to the value of the services rendered was offered by both sides. The sum of $4000 as a total charge was testified to for the plaintiffs, and of $1000 in behalf of the defendant.

The type of case, the character of the testimony, the professional standing of counsel, the financial ability of the client, and the result obtained are a few elements to keep in mind in determining what is a reasonable charge for legal services in any given case. If, in addition, the client prefers the luxury of more than one attorney, he cannot expect that what would be a reasonable fee for one can be considered as proper compensation for both.

Rogister committed the error of overlooking the fact that amorous inclinations are apt to be extremely costly in old age. His somewhat comfortable financial condition rather than he personally may have been the magnet that ultimately enmeshed him in the web of marital difficulties. As a direct result of the skilful handling of his case by Higgins and his associate, he released his real estate from a claim of dower at much less than its actual value, he again became the uncontrolled possessor of his cash, and, most important of all, he regained his personal freedom. Perhaps the cost of this experience will serve him as a safeguard against future illusions and indiscretions.

The Court is satisfied that Rogister knew that he was expected and intended to pay more than the original sum of $1000 when he was beset by domestic infelicity. But, as frequently happens, when difficulties are overcome services which were originally earnestly requested are minimized or entirely discounted. The defendant has done this in the present case. The plaintiffs did a good job and should be reasonably compensated. A total payment of $2750 is fair to all concerned in view of the sordidness involved and the results attained. As the sum of $1000 has been paid on account, decision is hereby given for the plaintiffs for $1750.

For plaintiffs: Ovila Lambert, John R. Higgins.

For defendant: Elphege J. Daignault.